UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILI BENALFEW, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 18-12216-FDS |
| v. ) | |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

This is the fourth action plaintiff Lili Benalfew has brought concerning her naturalization as a United States citizen. Defendants have filed a motion to dismiss the complaint. Because plaintiff's claims are barred by the doctrine of claim preclusion and violate an order issued in an earlier case by Judge Gorton, the motion to dismiss will be granted.

**I.     Background**

**A.     Factual Background**

The facts are taken from the complaint, materials submitted with the motion papers, and prior court opinions.

Plaintiff Lili Benalfew appears to have arrived in the United States on January 27, 1974. (Compl. ¶ 8). On March 16, 2000, she filed an N-400 application for citizenship. (*Id.* ¶ 10). In addition to her application, Benalfew appears to have sent a letter to the Immigration and Naturalization Service ("INS") requesting that she be allowed to take a modified oath of

allegiance due to her "belief" against war. (*Id.* at 7). On April 13, 2001, the INS sent Benalfew a letter denying her application for naturalization because she had "fail[ed] to demonstrate [a] willingness to assume and discharge the obligations of the oath of allegiance." (*Id.* at 19). She requested review of the denial. It appears that a review hearing was conducted on October 25, 2001. (Compl. ¶ 37). The INS denied her appeal. (*Id.*; *Benalfew v. United States, et al.*, No. 13-cv-12049-NMG). On January 3, 2002, the INS notified her to "appear for a Naturalization Oath Ceremony" on January 17, 2002. (Compl. ¶ 38; Pl. Ex. A at 29).

Benalfew contends that she attended the naturalization ceremony and took a modified oath of allegiance that omitted the duty to bear arms and perform noncombatant services. (Compl. ¶ 39; Mem. & Order at 4, 9, *Benalfew v. United States, et al.*, No. 13-cv-12049-NMG; Pl. Ex. A at 31).[1]

### B. Procedural History

This is the fourth action Benalfew has brought contending she has been harmed in some manner by the modified oath she took at her naturalization ceremony.

Benalfew filed her first action on July 10, 2009. *See Benalfew v. United States, et al.*, 09-cv- 11189-DPW. The complaint in that case alleged, essentially, that because she had taken a modified oath, she could not hold herself out to be a United States citizen. The complaint sought to revoke her naturalization certificate and sought injunctive relief and damages for emotional distress and lost professional opportunities allegedly caused by her lack of citizenship.

On February 22, 2010, Judge Woodlock dismissed the lawsuit *sua sponte*. Essentially, Judge Woodlock held that to the extent the complaint attempted to raise a claim for

---

[1] Benalfew appears to have been naturalized under the name "Thalia Ben Jefferson." On March 13, 2013, she apparently changed her name back to "Lili Benalfew." (*Id.* at 32).

denaturalization pursuant to 8 U.S.C. § 1451, the court did not have subject-matter jurisdiction, as the United States Attorney had not instituted revocation proceedings against her. In addition, Judge Woodlock held that the United States and the USCIS were immune from the claims seeking monetary damages.

On July 14, 2011, Benalfew filed a second complaint raising essentially the same claims. *See Benalfew v. USCIS*, No. 11-cv-11238-NMG. On October 28, 2011, Judge Gorton dismissed the action.

Benalfew filed a third complaint on August 21, 2013. *See Benalfew v. United States, et al.*, No. 13-cv-12049-NMG. The complaint raised almost entirely the same allegations as the earlier complaints, with several new allegations concerning her name change in 2013.

On November 22, 2013, Judge Gorton *sua sponte* dismissed the third complaint in its entirety for essentially the same reasons Judge Woodlock had in 2010. In concluding his opinion, Judge Gorton ordered that Benalfew be restricted from "filing any further Complaints that relate directly or indirectly to the claims asserted in her three unsuccessful cases, <u>unless</u> she [was] able to show that she ha[d] exhausted her administrative remedies properly with USCIS and/or ha[d] complied with 8 U.S.C. § 1481." (*Id.*).[2]

## II.  Analysis

In the present action, Benalfew asserts a number of allegations against the USCIS and various government officials. The complaint alleges that she "hold[s] [a] deficient [c]ertificate of [n]aturalization and [c]ertificate of [n]ame [c]hange" due to the modified oath. (Compl. ¶ 7). The complaint contends that holding these deficient documents has caused Benalfew a wide

---

[2] This fourth matter should have been assigned to Judge Gorton as a related case under Local Rule 40.1(g). In order to avoid further delays, the Court will simply dismiss the matter rather than transferring it to the proper judge.

array of problems, ranging from the loss employment opportunities to various types of serious bodily injury. As relief, Benalfew seeks $250 million and a judgment that defendants have violated her civil rights.

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because the claims are barred by the doctrine of claim preclusion and the filing of the complaint violates Judge Gorton's order, the motion will be granted.

The doctrine of claim preclusion, or *res judicata*, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion requires proof of three elements: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Those three elements are clearly satisfied here.

First, plaintiff has brought three earlier suits, each of which was dismissed by the court and not appealed. *See Benalfew v. United States, et al.*, 09-cv-11189-DPW; *Benalfew v. USCIS*, No. 11-cv-11238-NMG; *Benalfew v. United States, et al.*, No. 13-cv-12049-NMG. Those dismissals constitute final judgments on the merits for purposes of claim preclusion. *See Airframe*, 601 F.3d at 14 (citing *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "plainly a final judgment on the merits").

Second, plaintiff's claims, to the extent they are comprehensible, all arise from the same basic allegation that she is not a citizen. Those claims either were actually brought, or could have been brought, in the earlier actions.

Third, the defendants in this suit are sufficiently identical or closely related to those

named in the earlier suits.

Accordingly, because all three elements are satisfied, plaintiff's claims are barred by claim preclusion.

In addition, the complaint also appears to violate Judge Gorton's order restricting plaintiff from filing further related complaints. In response to the contention of the USCIS that she has violated that order, Benalfew notes that § 1481 offers "various methods [for] relinquish[ing] . . . citizenship," but baldly states—without any explanation—that those methods are not "appropriate method[s] for [her]." Obviously, that contention does not suffice to show compliance, or even attempted compliance, with Judge Gorton's order.[3]

### III. Conclusion

For the foregoing reasons, the motion to dismiss will be GRANTED.

**So Ordered.**

Dated: June 19, 2019

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[3] Plaintiff also appears to contend that she is unable to pursue an administrative remedy because she "cannot file administrative appeals two years after the accrual of the case." (Opp. at 2). She provides no support for her contention, and in any event, it is unclear as to what "case" and accrual date she is referring.